UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 6:25-mj-1033-RMN |
| DANIEL COOK, | |
| Defendant. | |

**MOTION TO DETERMINE COMPETENCY OF DEFENDANT**

Undersigned counsel moves the Court for a determination of Defendant Daniel Cook's mental competency under 18 U.S.C. § 4241. Sufficient evidence exists for undersigned counsel to question whether Mr. Cook is competent to proceed. Undersigned counsel also requests that Mr. Cook be evaluated by an agreed-upon examiner outside of the Federal Bureau of Prisons ("BOP"). If the Court agrees, undersigned counsel will confer with the government and file a joint notice with an agreed-upon examiner no later than 14 days after the Court's order. The Government does not oppose a competency evaluation but requests that Mr. Cook be evaluated within BOP.

BACKGROUND

Mr. Cook has been charged by Complaint with knowing transmission of a true threat to injure a person in interstate commerce. 18 U.S.C. § 875(c). The Complaint alleges that an X account associated with Mr. Cook sent messages to Governor Ron Desantis and Secret Service Director Sean Curran which others

objectively could regard as threatening. Mr. Cook originally was arrested on January 12, 2026, by state authorities. *See* Charging Affidavit, *State v. Cook*, 2026-CF-100238 (Fla. 7th Cir. Ct., Jan. 12, 2026). Mr. Cook was then brought before this Court on February 6, 2026, after the government filed a federal Complaint and Court granted the government's motion for writ of habeas corpus. Dkt. 1, 4–7.

Undersigned counsel interviewed Mr. Cook shortly before his initial appearance. It was communicated to undersigned counsel that Mr. Cook had been homeschooled since the second grade and has not been employed for over a decade. It also was communicated to undersigned counsel that Mr. Cook has been deemed either incompetent or insane by multiple other courts in different cases; this statement was confirmed by the Pretrial Services Report. Undersigned counsel's conversation with Mr. Cook devolved into topics that were very unusual and appeared to be the product of either mental illness or brain injury. Undersigned counsel was told that Mr. Cook may have suffered various head traumas at different points in his life, although the narrative of when these head traumas may have taken place was fractured and difficult to follow.

At Mr. Cook's initial appearance, the Court asked him several questions concerning his competency. The Court asked him whether he was prescribed any medication. Mr. Cook answered in the affirmative; he named several medications known to treat psychiatric illness and indicated that he had not taken these medications for several days. The Court also asked Mr. Cook whether he understood why he was there. Mr. Cook initially answered, "Not really, no,"

although he later changed his answer when he realized that the Court was ordering him to be evaluated for competency. When Mr. Cook heard the Court say that an indictment would obviate the need for a preliminary hearing (and thus the need for a knowing waiver of same), Mr. Cook indicated that Ashley Moody (Florida's former Attorney General and current Senator), tried to indict him thirty times without success. Despite the unusual nature of his answers, Mr. Cook indicated that he needed help and was amenable to an inpatient program.

The Court concluded that Mr. Cook needed to be evaluated for competency to stand trial.  The Court initially held that Mr. Cook should be evaluated by BOP but later changed this ruling and allowed the parties to confer as to what type of evaluation they believed suited this case. While the government initially considered agreeing to a community evaluation, it ultimately decided that it would agree only to a BOP evaluation.

## ARGUMENT

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). This protection encompasses "not only the substantive right not to be tried or convicted while incompetent but also the procedural right under the Due Process Clause to 'adequate' procedures to protect the right not to be tried or convicted while incompetent." *United States v. Wingo*, 789 F.3d 1226, 1235 (11th Cir. 2015) (quoting *Pate v. Robinson*, 383 U.S. 375, 378 (1966)).

A defendant is incompetent if he "is presently suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Either party may move for a competency determination "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant." 18 U.S.C. § 4241(a).

If the Court finds, after a hearing, that the defendant is incompetent by a preponderance of the evidence, "the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The Attorney General must then "hospitalize the defendant for treatment in a suitable facility" for a "reasonable period of time, not to exceed four months," to "determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). The Court may permit further hospitalization "for an additional reasonable period of time" if it finds a "substantial probability" of the defendant regaining competency, or the charges are "disposed of according to law." 18 U.S.C. § 4241(d)(2).

Mr. Cook is obviously unwell. That much is clear from his behavior at the initial appearance, undersigned counsel's interactions with him, and his documented history of being declared either insane or incompetent in other jurisdictions. Undersigned counsel also has spoken with Mr. Cook's parents, who have confirmed the history in the Pretrial Services Report. Given Mr. Cook's mental state, undersigned counsel believes he should be evaluated by a non-BOP

4

examiner. If the Court agrees, undersigned counsel will confer with the government and file a joint notice with an agreed-upon examiner no later than 14 days after the Court's order.

A non-BOP competency evaluation is appropriate in this case. While a court "may" commit a person to the custody of the Attorney General for a competency evaluation, 18 U.S.C. § 4247(b), it does not have "unfettered discretion to order such a commitment."[1] *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012). Due process presumes that competency evaluations should be performed on an outpatient basis. *See In re Newchurch*, 807 F.2d 404, 408 (5th Cir. 1986) ("Due process . . . requires the government, when it deprives an individual of liberty, to fetter his freedom in the least restrictive manner."). The same due process concerns apply even when the defendant already has been incarcerated for some other reason. *See United States v. Savage*, 2022 WL 17604407, at *1 (M.D. Ala. Dec. 13, 2022) ("Although Mosley is currently incarcerated, due process concerns may nonetheless be implicated by the decision to transfer him to BOP for an evaluation, rather than ordering a local, non-custodial evaluation.").

To overcome the due process presumption of a non-BOP evaluation, the government must provide "evidence to establish the presence of compelling governmental interests" which would require Mr. Cook's evaluation "to be conducted pursuant to a custodial commitment at a BOP facility." *United States v.*

---

[1] The BOP is under the direction of the Attorney General and is a component of the Department of Justice. 18 U.S.C § 4041.

5

*Mock*, 2014 WL 1491198, at *3 (M.D. Ala. Apr. 15, 2014) (quoting *Neal*, 679 F.3d at 740); *see also Newchurch*, 807 F.2d at 411–12. This evidence must be more than the government's arguments or even the Court's inclinations. *Id.* ("[N]either the government's arguments nor the court's inclinations are evidence."). The evidence also must amount to more than mere cost concerns. *See Newchurch*, 807 F.2d at 412 ("The expense of local examination compared to the cost of commitment to a government institution is not a controlling consideration.").

Here, the government cannot and will not provide any compelling reason for a BOP evaluation. The community has more than enough resources for a non-custodial evaluation. Moreover, undersigned counsel would like an opportunity to place Mr. Cook in some sort of inpatient program locally. Such a program would, in theory, allow Mr. Cook to maintain better contact with his parents, who have served as his primary caretakers and live in Edgewater, Florida.

## CONCLUSION

For the reasons above, undersigned counsel respectfully asks the Court to make a competency determination as to Mr. Cook. Undersigned counsel also requests that Mr. Cook be evaluated by an agreed-upon examiner outside of the Federal Bureau of Prisons.

(*Attorney Signature on Following Page*)

Dated: February 12, 2026         Respectfully submitted,

                                      Charles L. Pritchard, Jr.
                                      Federal Defender, MDFL

                                      */s/Vitaliy Kats, Esq.*
                                      Vitaliy Kats, Esq. (FBN 118748)
                                      Assistant Federal Defender
                                      201 South Orange Avenue, Suite 300
                                      Orlando, Florida 32801
                                      Telephone: 407-648-6338
                                      vitaliy_kats@fd.org

## CERTIFICATE OF CONFERRAL

Mr. Cook's counsel certifies that: (1) they conferred with government's counsel in a good faith effort to resolve this motion; (2) the government does not oppose an evaluation but requests that it be performed by the Federal Bureau of Prisons; and (3) the motion is not covered by the Court's scheduling order.

                                      */s/Vitaliy Kats, Esq.*
                                      Vitaliy Kats, Esq.

## CERTIFICATE OF SERVICE

I certify that on February 12, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                      */s/Vitaliy Kats, Esq.*
                                      Vitaliy Kats, Esq.